[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, W.A. Whynott, appeals from a July 27, 2000 final decision of a hearing officer of the defendant, Department of Social Services ("the department") denying his claim for reimbursement of medicaid benefits.
The plaintiff, a Title XIX recipient, received notice from the department in June 2000 that he had been placed in a special "spenddown" status. (Return of Record ("ROR"), Volume I, p. 6.) The plaintiff then asked for a fair hearing on June 22, 2000. (ROR, Volume I, p. 25.) After the hearing held on July 24, 2000 the following facts were found:
 1. The [plaintiff] was a recipient of Title XIX [medical assistance]. . . .
 2. A redetermination of eligibility was due in May 2000. A complete redetermination form was received on May 19, 2000. . . .[1]
CT Page 13576
 3. Due to agency error the redetermination was not completed timely and the case closed for failure to redet[ermine] effective May 31, 2000.
 4. Effective June 1, 2000 Title XIX was reinstated with a one month spenddown of $80.94, [calculated as follows:]
 Social Security Disability $ 741.00 Standard Disregard — 183.00 Net Applied Income $ 588.00 Title XIX Standard for One — 477.06 Monthly Excess $ 80.94
 5. The [plaintiff's] redetermination was processed in June 2000 with a new six month spenddown period set up from July 1, 2000 through December 31, 2000. . . .
 6. The six month spenddown amount was correctly computed to be $485.64 ($80.94 x 6 months).
(ROR, Volume 1, pp. 1-2.)
Based upon these findings, the hearing officer concluded that the initial discontinuance of benefits had been corrected. Further "the Department correctly applied policy. There are no errors found in the Department's calculation of the [plaintiff's] income or spenddown. " (ROR, Volume I, p. 3.) The plaintiff has taken a pro se appeal from this determination.[2]
The standard of review of the plaintiff's claims has been set forth inO'Callaghan v. Commissioner of Social Services, 53 Conn. App. 191, 203
(1999):
 Judicial review of the decision of an administrative agency is limited. . . . We must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Even as to questions of law, the court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct CT Page 13577 application of the law to the facts found and could reasonably and logically follow from such facts. . ..
(Brackets omitted; citations omitted; internal punctuation marks omitted.) This substantial evidence standard "is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review." (Citations omitted; internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of Public UtilityControl, 246 Conn. 18, 36 (1998).
On appeal, in his one-page complaint and one-page brief, the plaintiff does not claim error in that he was placed in the spenddown for the months of July through December 2000, but challenges only the June 2000 calculation. Looking to the facts as determined by the hearing officer, the plaintiff was in a Medically Needy Coverage Group. His gross income was $741 per month, derived from a Social Security disability award. Section 5030.15 B.1 of the Uniform Policy Manual ("UPM") provides that the unearned income disregard for individuals who reside in their own homes is $183 per month. This figure was subtracted from the plaintiff's total gross income. The total monthly applied income was calculated by the hearing officer as $588.
Under § 4530.15 of the UPM, the plaintiff's monthly "Medically Needy Income Limit (MNIL)" was $477.06. Comparing the plaintiff's total monthly applied income to the monthly MNIL, the difference is $80.94 and became the spenddown figure for June 2000. Under UPM § 5525.20 B, the plaintiff is ineligible for Medicaid until he spends this excess income on medical expenses. The court defers to the hearing officer on these conclusions.
There is no substantial evidence to support the plaintiff's claim that he presented invoices for medical expenses exceeding $80.94 for the month of June. Nor does the record support that the plaintiff was informed that he would be fully restored to Medicaid in June, and would not be in spenddown status. What the record establishes is that the plaintiff was erroneously terminated at the end of May, 2000. He was immediately restored to Medicaid, but in the spenddown mode, not the full mode. (ROR, Volume I, p. 6.)
Since the department has correctly applied the law to the facts,O'Callaghan v. Commissioner of Social Services, supra, 53 Conn. App. 203, the appeal is dismissed.
Henry S. Cohn, Judge CT Page 13578